[No. 618.  Decided November 14, 1892.]

## THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH KASPER, *Appellant*.

LARCENY — CONVERSION OF BORROWED CHATTELS — INFORMATION — EVIDENCE — REASONABLE DOUBT:

An information based upon § 54, Penal Code, which alleges that the defendant borrowed and obtained the use of a diamond finger ring for one-half hour, and after the expiration of said time "neglected to return said ring," and "converted and secreted same with intent to convert the same to his own use," sufficiently charges possession of the ring on the part of the defendant without an averment in the language of the statute, that the same came "into his possession by virtue of such borrowing or hiring."

In a prosecution for such offense it is not error to admit testimony that the ring was not sold to defendant, and that he was not charged with it.

The doctrine of reasonable doubt means that the jury, basing their opinion upon all the facts and testimony in the case, should be satisfied beyond a reasonable doubt of the guilt of defendant.

*Appeal from Superior Court, Thurston County.*

*M. J. Gordon*, for appellant.

*Charles H. Ayer*, Prosecuting Attorney, and *James A. Haight*, for The State.

The opinion of the court was delivered by

DUNBAR, J.— The information in this case is as follows:

"Comes now Charles H. Ayer, county attorney and prosecuting attorney for the county of Thurston aforesaid, and the court being in session, and the grand jury not being in session, gives the court to understand and be informed: That Joseph Kasper is guilty of larceny under § 54 of the Penal Code of Washington, committed as follows, to wit: That he, the said Joseph Kasper, did, upon or about the 19th day of September, 1891, and within one year prior to the filing of this information, in the county of Thurston, State of Washington, then and there borrow and obtain the

use of a certain chattel, to wit, a diamond finger ring, being then and there the property of one O. R. Simenson, and of the value of $85.00, for a specific time, to wit, to take to some place within the city of Olympia and try upon the finger of one ——, whose name is to your informer unknown, who was then and there represented by said Joseph Kasper to be within the city of Olympia, in the county and state aforesaid, for the period of one-half an hour.    After said time had expired he neglected to return said ring and fraudulently and feloniously converted and secreted same with intent to convert the same to his own use, without the consent of the owner, or any agent of said owner.    Charles H. Ayer, county attorney and prosecuting attorney of the county of Thurston, Washington.''

To this the defendant interposed a plea of not guilty, and went to trial, which resulted in a verdict of guilty.

The first assignment of error is, that the information does not state facts sufficient to constitute a cause of action. The law upon which this information is based is as follows:

''SEC. 54. Every person who shall borrow, hire or in any manner obtain the use of the goods, chattels, or personal property of any nature, kind or condition whatsoever, of another, for any specific purpose, or for any specific time, and who shall at any time after the said purpose has been complied with, or the said time has expired, give away, trade, barter, sell, convert, or secrete with intent to convert to his own use, without the consent of the owner, or agent of said owner, any of the goods, chattels or personal property of any nature, kind or condition whatsoever, of another, which shall have come into his or her possession by virtue of such borrowing or hiring, or so obtaining the possession thereof, as aforesaid, he or she shall, upon conviction thereof, be adjudged guilty of larceny, and shall be punished in the same manner prescribed by law for the larceny of property of the kind and value of the goods, chattels or personal property so given away, traded, bartered, sold, converted, or secreted with intent so to convert to his or her own use. ''

It is contended by the appellant that this offense being

purely statutory it is the duty of the pleader to bring the
defendant by direct and positive statement within all the
material words of the statute, and that there is no aver-
ment of possession in the information, and that it is requi-
site to a complete offense under this statute that defendant
come personally in possession of the property by virtue of
the hiring and borrowing. An analysis of this informa-
tion will not justify appellant's contention, for, conceding
that possession is a necessary element of the offense, the
complaint alleges that he borrowed and obtained the use of
the ring. Giving the words "borrow" and "use" their
ordinarily accepted meaning, the natural and reasonable
conclusion is that he obtained possession of the ring. But
we must construe this information as a whole, and observe
the relation which exists between different parts. After
alleging that he borrowed and obtained the use of the ring
for a period of half an hour, the information further states
that at the expiration of said time he neglected to return
it, and that he converted it and secreted it "with the intent
to convert the same to his own use." It cannot be con-
cluded that the defendant did not have possession of the
ring without rejecting the plain construction of language
and adopting a strained one which a court should not do,
especially under the provisions of our code which make
the information sufficient, so far as this objection is con-
cerned, if the charge is set forth in such a manner as to
enable a person of common understanding to know what is
intended. Appellant contends that the statement in the
information that he converted and secreted said ring is a
legal conclusion, and that it cannot supply the omission to
state that he "came into possession of the property by
virtue of the hiring or borrowing," but the difficulty is
that if either of these statements are conclusions, it is the
one, the insertion of which is demanded by the appellant.
We think the information substantially meets the require-

ments of law, and that the defendant would naturally and readily understand from the language of the information that he was charged with being in possession of the ring.

We are unable to see in what respect the defendant was prejudiced by the testimony of the salesman that he did not sell the ring to the defendant, or did not charge him with it. This testimony was evidently suggested by the cross examination which indicated that the defense would undertake to prove a sale. It could unquestionably have been introduced in rebuttal after the testimony of the defendant, who swears that the transaction was a sale, and it could not prejudice his rights to introduce it in advance. Besides, it was nothing more than explanation of the transaction, a statement that it was done one way and not another way. There seems to be no substance to the objection.

And the third error assigned is equally groundless. There was no variance between the proofs and the allegations. There was an allegation of borrowing for a specified time, and there was proof of borrowing for a specified time. There was an allegation that defendant did not buy the ring, and it was not necessary for the state to prove such a negative proposition. This was the defense sought to be established.

The contention that defendant was deprived of the benefit of a reasonable doubt in the minds of the jury on the question of sale is more fanciful than real. That is a very simple proposition, and need not be mystified or made uncertain. Considering all the circumstances in the case, and all the testimony both of the state and of the defendant, the jury must be satisfied beyond a reasonable doubt of the guilt of the defendant. That is all there is to the question of reasonable doubt; and that is substantially what the judge charged the jury. And there was nothing in the conduct of the case, or the charge of the court, that

tended to deprive the defendant of the benefit of any rea-
sonable doubt which the jury might entertain.    The jury
heard the testimony, and under proper instructions consid-
ered it.    Their verdict was against the defendant.    There
seems to be ample proof to sustain it, and the judgment is,
therefore, affirmed.

ANDERS, C. J., and HOYT, STILES and SCOTT, JJ., con-
cur.